FISHER, Associate Judge,
dissenting in part:
In cases like this, “the agency decision with respect to the award of attorney’s fees is presumed to be correct, and thus the [Tenants] Association bears the burden of demonstrating that the [Rental Housing Commission] abused its discretion in reducing either compensable hours or hourly rates.” Hampton Courts Tenants Ass’n v. District of Columbia Rental Hous. Comm’n, 599 A.2d 1113, 1116 (D.C.1991). I cannot agree that the Commission abused its discretion by determining that hourly rates of $335 to $395 would provide reasonable compensation to the tenants’ attorneys.[1]
The Commission engaged in careful analysis, heeding our previous statement that the Lajfey Matrix is “one legitimate means of calculating attorneys’ fees in those cases, such as this, where a prevailing party is statutorily entitled to attorney’s fees.” Lively v. Flexible Packaging Ass’n, 930 A.2d 984, 990 (D.C.2007). But we have made it clear that the matrix “is merely a starting point.” Id. See also Covington v. District of Columbia, 57 F.3d 1101, 1109 (D.C.Cir.1995) (“a useful starting point”). I would not go further, as the majority does, and treat the Laffey rates as both “presumptively reasonable,” Majority Opinion at 182, and nearly irrebutta-ble. See Majority Opinion at 184 (“[I]n most cases [the Lajfey Matrix] will be the best place to end.... ”).
Although the majority relies heavily upon Covington and other decisions from the District of Columbia Circuit, that court does not seem so rigid. In a recent case involving an award of attorneys’ fees as indemnification, the appellants faulted the District Court “for opting not to apply the Lajfey matrix.” The court acknowledged that “[w]e certainly have approved of the Lajfey matrix as a useful tool in assessing reasonableness in some circumstances,” Armenian Assembly of Am. v. Cafesjian, 758 F.3d 265, 281 (D.C.Cir.2014) (emphasis added), but concluded that appellants’ “contention misses the mark.... [The trial court] was not required to adhere to any particular method in” determining that the award of fees was reasonable. Id. at 281, 282.
*193 In my view, the Commission properly looked to rates charged by attorneys doing similar work in the specialized field of rent control and rental housing. Of course, most of the work for which fees were claimed was performed in this court. But there is no basis in the record for concluding that attorneys who litigate before us, in that field or any other, customarily make more than $335 to $395 per hour. Indeed, a large number of our most talented and experienced advocates are appointed under the CJA and CCAN programs and are paid $90 per hour. D.C.Code § ll-2604(a) (2012 Repl.) (representation of indigents in criminal cases); D.C.Code § 16-2326.01 (2012 Repl.) (compensation of attorneys in neglect and termination of parental rights proceedings). I am not suggesting that $90 per hour would be reasonable compensation here, but this comparison does add useful perspective to our inquiry.
The majority appeals to judicial efficiency and points to the Supreme Court’s admonition that “[a] request for attorney’s fees should not result in a second major litigation.” Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). There is, however, a better means of reaching those goals — by affording the deference we customarily give to a trial court or an agency in such matters. In Lively we emphasized our limited scope of review with respect to an award of attorneys’ fees, noting that “it requires a very strong showing of abuse of discretion to set aside the decision of the trial court.” 930 A.2d at 988. In this procedural setting, we owe at least equal deference to the Commission. The majority instead has conducted what amounts to de novo review.

. I concur in part II. D of Judge Ruiz's opinion with regard to the number of hours reasonably expended. Good appellate advocacy takes time.